IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02556-BNB

JOSE SANTANA,

Applicant,

v.

TRAVIS TRANI, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

I. Background

Applicant Jose Santana is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Limon, Colorado, Correctional Facility. Mr. Santana initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his October 31, 2001, conviction in the El Paso County District Court of Colorado in Case No. 01CR35. In an order entered on December 12, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 24, 2008, Respondents filed a Pre-Answer. Mr. Santana filed a Reply on February 10, 2009.

In the Application, Mr. Santana asserts that a jury convicted him of first degree murder, and he was sentenced to life without parole. (Application at 2.) He also

asserts that he filed a direct appeal, in which the State's highest court denied his appeal on April 28, 2004. (Application at 3.) Mr. Santana further asserts that he filed a Colo. R. Crim. P. 35(c) postconviction motion on September 20, 2004, which was denied in September 2005, and in which he did not file an appeal. (Application at 4.) He also asserts that he filed a second Rule 35(c) postconviction motion on February 13, 2006, in which the Colorado Court of Appeals denied his appeal in September 2008. (Application at 4(a).)

Respondents assert that on April 26, 2004, the Colorado Supreme Court denied certiorari review in Mr. Santana's direct appeal of his conviction. (Pre-Answer at 3.) Respondents further assert that (1) Mr. Santana filed his first motion for postconviction relief on September 20, 2004; (2) the district court denied on July 13, 2005; but (3) Mr. Santana did not file a timely appeal. (Pre-Answer at 4.) Respondents also assert that (1) Mr. Santana filed a second motion for postconviction relief on February 17, 2006; (2) the trial court denied the motion on February 23, 2006; and (3) the Colorado Court of Appeals affirmed the denial on March 28, 2008. (Pre-Answer at 4-5.)

II. Analysis

The Court must construe liberally Mr. Santana's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

## A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Santana's Application is time-barred. They contend that his conviction became final on July 25, 2004, ninety days after the Colorado

Supreme Court denied certiorari on April 26, 2004.[1] (Pre-Answer at 3 and 6.) They further contend that the limitation period ran for twenty-six days until Mr. Santana filed his first postconviction motion on September 20, 2004, and that tolling continued until August 27, 2005, when the forty-five day period expired for appealing the trial court's denial of the motion. (Pre-Answer at 6.) Respondents also state that the limitation period ran for another 173 days until Mr. Santana filed his second postconviction motion on February 17, 2006, and tolling continued until May 13, 2008, when the time expired for petitioning to the Colorado Supreme Court for certiorari review. (Pre-Answer at 7.) Respondents further state that the limitation period ran for an additional 194 days, until Mr. Santana filed the instant action. (Pre-Answer at 8.) Respondents conclude that 393 days have run against the one-year time limitation, and the Application, therefore, is untimely. (Pre-Answer at 8.)

Mr. Santana does not allege either in his Application or in his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims. He also does not assert that he did not know or could not have discovered the factual predicate for his claims at the time of his conviction and direct appeal or that there were any impediments to filing a 28 U.S.C. § 2254 application that were created by state action.

---

[1] On Page Three of the Pre-Answer, Respondents refer to the date that the Mr. Santana's petition for certiorari review was denied as April 26, 2004. On Page Six of the Pre-Answer, Respondents refer to May 14, 2004, as the date the petition was denied. Appendix G of the Pre-Answer contains a copy of the Colorado Supreme Court's order denying certiorari in Mr. Santana's direct appeal. The order is dated April 26, 2004. The May 14, 2007, date is a typographical error.

The Court agrees that the Application is barred pursuant to 28 U.S.C. § 2244(d) but for the following reasons. Mr. Santana's conviction became final on July 26, 2004, ninety-one days after the Colorado Supreme Court denied certiorari review in his direct appeal on April 26, 2004. Sup. Ct. R. 13.3. (time to file petition for a writ of certiorari runs from the entry of judgment not issuance of mandate) and 30.1. (last day of time period is Sunday time extends to end of next day). The one-year limitation period began to run on July 27, 2004, the day after Mr. Santana's conviction became final, until September 19, 2004, the day prior to when Mr. Santana filed a Colo. R. Crim. P. 35(c) postconviction motion, a total of fifty-four days. The Rule 35(c) motion was denied on July 13, 2005, but the tolling continued until August 29, 2005, forty-seven days after the trial court denied the postconviction motion, when the time expired for appealing the trial court's denial of the motion. *See* Colo. App. R. 4(b) and 26(a).

The one-year limitation period again ran for 171 days, from August 30, 2005, the day after Mr. Santana's first Rule 35(c) postconviction motion became final, until February 16, 2006, the day prior to when he filed his second Rule 35(c) postconviction motion. The time was tolled from February 17, 2006, when he filed the second Rule 35(c) postconviction motion, until May 12, 2008, forty-six days after the Colorado Court of Appeals denied his appeal on March 27, 2008, when the time expired for petitioning to the Colorado Supreme Court for certiorari review. *See* Colo. App. R. 52(3). The time also ran for 189 days, from May 13, 2008, the day after Mr. Santana's second Rule 35(c) became final, until November 17, 2008, the day prior to when he submitted the instant action to this Court. As a result, the Court finds that the time during which a postconviction motion or collateral proceeding was not pending in state court is 414

days. The action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Santana bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Santana asserts that equitable tolling should apply in this case because counsel failed to notify him or the trial court that he no longer was representing Mr. Santana, and the record fails to show that counsel withdrew from the case at the time the motion was denied. Mr. Santana contends that he detrimentally relied on his counsel to file an appeal and that counsel's failure to file a timely appeal constitutes egregious misconduct. Mr. Santana concludes that, because counsel's conduct caused the procedural default in his postconviction motion, he should be entitled to equitable

tolling of the time from July 13, 2005, when his first postconviction motion was denied, until December 9, 2005, when he requested a "reissuance" of the July 13, 2005, denial order so that he may file a timely notice of appeal. (Reply at 2.)

Mr. Santana's equitable tolling argument fails because "[t]here is no constitutional right to an attorney in state post[ ]conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Even if Mr. Santana were entitled to counsel in a postconviction proceeding, he has failed to assert that counsel was ineffective and violated his constitutional rights, when he failed to file a notice of appeal.

The trial court appointed counsel, on December 20, 2004, to investigate the claims Mr. Santana raised in his first postconviction motion. (Pre-Answer, App. A at 16.) Counsel stated on the record in the state trial court that after conducting exhaustive investigation of and research on Mr. Santana's claims, he found that the claims lacked merit and were not supported by law and fact. (Pre-Answer, App. L. at 4.) On July 6, 2005, counsel filed a request to withdraw the postconviction motion. (Pre-Answer, App. L at 4.) The trial court subsequently denied the postconviction motion on July 13, 2005, finding that some of Mr. Santana's claims had been raised in his direct appeal and that the claims lacked merit based on appointed counsel's findings. (Pre-Answer, App. L. at 4.)

It is inconceivable that Mr. Santana's counsel would have elected to appeal the trial court's denial of the postconviction motion, when he found no arguable merit in the claims Mr. Santana sought to raise in the motion. The Court further finds that Mr. Santana fails to show he was diligent in pursuing his state claims, when he waited five months to seek an appeal in the postconviction motion. Mr. Santana does not assert

that he attempted to contact his attorney after the postconviction motion was denied or that he had requested that counsel file an appeal. He only states that counsel did not communicate with him. Without asserting more than a lack of communication with his appointed counsel, Mr. Santana fails to allege any facts that might justify equitable tolling of the one-year limitation period from July 13, 2005, until December 9, 2005. The action, therefore, is barred by the one-year limitation period.

B. State-Court Exhaustion

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Santana has exhausted his state court remedies.

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 25 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02556-BNB

Jose Santana
Prisoner No. 111353
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

John J. Fuerst
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/25/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk