F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02556-ZLW

JOSE SANTANA,

    Applicant,

v.

TRAVIS TRANI, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

---

The matter before the Court is the "Motion for Relief From Order of Judgment Dismissal" filed on January 27, 2011, by Applicant, Jose Santana. Mr. Santana is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Limon, Colorado. The Court must construe the Motion liberally because Mr. Santana is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion for Relief.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). See *Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it

is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Plaintiff's Motion was filed over twenty-eight days after the Court's Order of Dismissal was entered on March 25, 2009. Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion for Relief and the entire file, the Court finds that Mr. Santana fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.

In the Motion, Mr. Santana asserts that the U.S. Supreme Court's recent decision in **Holland v. Florida**, 130 S. Ct. 2549 (2010), requires this Court to reconsider the issue of equitable tolling in this case because under **Holland** the standard for finding equitable tolling is not based on extraordinary circumstances but what is favorable to the litigant. Mr. Santana misconstrues **Holland**. In **Holland**, the United States Supreme Court not only affirmed that the limitation period under § 2244(d) is subject to equitable tolling, but also that a habeas applicant seeking equitable tolling must clear a high hurdle. **See Holland**, 130 S. Ct. at 2559, 2562. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevent timely filing." **Id.** at 2562. Therefore, nothing Mr. Santana presents in the Motion demonstrates any extraordinary circumstances that would merit relief under Rule 60(b). Accordingly, it is

2

ORDERED that the Motion for Relief From Order of Judgment and Dismissal (Doc. No. 27) filed on January 27, 2011, is denied.

DATED at Denver, Colorado, this 15th day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02556-ZLW

Jose Santana
Prisoner No. 111353
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 16, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk